FILED

2017 Oct-03  AM 09:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**KECIA RUCKER WARD**

    **PLAINTIFF,**

**V.**

**ALABAMA REGIONAL
MEDICAL SERVICES D/B/A
BIRMINGHAM
HEALTHCARE,**

    **DEFENDANT.**

**CIVIL ACTION NO.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

### I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.*  This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII).  The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex discrimination.

2.     Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   PARTIES

3.   Plaintiff, Kecia Rucker Ward, (hereinafter "Ward" or "Plaintiff") is a citizen of the United States, and a resident of Birmingham, Jefferson County, Alabama. Plaintiff was formerly employed by Defendant.

4.   Defendant, Alabama Regional Medical Services d/b/a Birmingham Healthcare (hereinafter "Defendant") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

5.   This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 29 U.S.C. § 2601, *et. seq.* ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

6.   3. Defendant, Alabama Regional Medical Services, (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## III.   STATEMENT OF THE FACTS

2

7.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 6 above.

8.    Defendant hired Plaintiff on or about April 8, 2013.

9.    Defendant employed Plaintiff at its business located on 20th Street South in Birmingham, Alabama.

10.   Defendant initially employed Plaintiff in the position of Accounting Clerk.

11.   Later, Defendant promoted Plaintiff to Accountant.

12.   Plaintiff remained in the Accountant position until Defendant terminated her employment.

13.   At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

14.   Defendant had never reprimanded Plaintiff until the events that form the basis of this complaint occurred.

15.   Defendant terminated Plaintiff on August 19, 2016.

16.   Shortly after Defendant terminated Plaintiff's employment, Defendant placed, a woman who was not pregnant in Plaintiff's former position.

17.   On or about October 9, 2015, Ward had her first child.

18.   After Ward's first child was born, she applied for, and was granted, two months of Family and Medical Leave to recuperate and bond with her newborn.

3

19.     Ward returned to work in January of 2016.

20.     In April of 2016, Ward learned that she was pregnant with her second child.

21.     On or about June 5, 2016, Plaintiff disclosed her pregnancy to her manager, Eugenia Thompson.

22.     In response to the disclosure, Thompson asked Plaintiff whether she "knew how to use birth control."

23.     Later in June 2016, Plaintiff contracted shingles.

24.     Plaintiff's infection required her to use another week of FMLA Leave.

25.     Plaintiff returned to work from her FMLA leave related to her shingles on June 24, 2016.

26.     Immediately after Plaintiff returned from FMLA leave, Thompson presented Plaintiff with a disciplinary write-up claiming that she had not processed some checks.

27.     Plaintiff explained that she had not, in fact been the cause in the delay in processing.

28.     During the disciplinary conversation related to the checks, Plaintiff asked Thompson whether she intended to terminate her employment.

29.     In August, Thompson again issued another disciplinary write-up.

30.     This time Thompson alleged that Plaintiff was not completing her work.

31.     Plaintiff's computer was broken and there was no way that she could have completed her assigned tasks.

32.     Thompson was made aware of the fact that Plaintiff's computer was inoperable.

33.     Despite the fact that completing an assigned task was impossible, Thompson continued to discipline Plaintiff for allegedly failing to complete the task.

34.     On or about August 1, 2016, Thompson assigned Plaintiff a large and time consuming task.

35.     As soon as the task was completed, Thompson terminated Plaintiff's employment, allegedly for tardiness.

36.     Other employees who had not taken FMLA leave were tardy more than Plaintiff, but their employment was not terminated.

37.     Other employees, who were not pregnant were tardy as much or more than Plaintiff, but were not terminated for alleged tardiness.

## IV.    COUNT ONE – TITLE VII – SEX/PREGNANCY –TERMINATION.

38.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 37 above.

39.     Plaintiff is a woman.

40.     At all times relevant to this case, Plaintiff was pregnant.

41.     In violation of Title VII and the Pregnancy Discrimination Act, Defendant terminated Plaintiff's employment for tardiness, but did not terminate the employment of an employee that was not pregnant but was tardy.

42.     Thompson did not terminate Latasha Marhon for tardiness.

43.     Upon information and belief, Marhon was not pregnant.

44.     Thompson did not terminate Ebony Miller for tardiness.

45.     Upon information and belief, Miller was not pregnant during her employment.

46.     Thompson did not terminate Alex (LNU), for tardiness.

47.     Upon information and belief, Alex was not pregnant.

48.     Thompson did not terminate Ebony Miller, for tardiness.

49.     Upon information and belief, Miller did not exercise FMLA rights during her employment.

50.     In violation of Title VII, Defendant's decision to terminate Plaintiff was, in whole or part, because of her pregnancy and gender.

51.     As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## V.     COUNT TWO - FMLA RETALIATION

52.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 51 above as if fully set forth herein.

53.     During the 12-month period prior to August 2016, Defendant employed Plaintiff for at least 1,250 hours of service.

54.     Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's August 2016, leave.

55.     During the week of August 24, 2016, Defendant employed fifty or more employees that worked within 75 miles of the location where Plaintiff worked.

56.     On June 5, 2016, Plaintiff provided notice of foreseeable FMLA leave to Eugenia Thompson.

57.     Plaintiff provided notice of her foreseeable need of FMLA leave  more than thirty days prior to the beginning of the FMLA leave.

58.     Defendant terminated Plaintiff's employment on August 24, 2016.

59.     Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which she needed treatment through her doctor.

60.     Defendant's employee, Eugenia Thompson, informed Plaintiff that Defendant terminated her employment.

61.     Thompson made the decision to terminate Plaintiff's employment.

62.     Thompson made the decision to terminate Plaintiff's employment, in whole or in part, because of Plaintiff's exercise of FMLA rights.

63.     On August 24, 2016, Defendant terminated Plaintiff's employment for the stated reason of tardiness.

64.     Thompson did not terminate Latasha Marhon for tardiness.

65.     Upon information and belief, Marhon did not exercise FMLA rights during her employment.

66.     Thompson did not terminate Ebony Miller for tardiness.

67.     Upon information and belief, Miller did not exercise FMLA rights during her employment.

68.     Thompson did not terminate Alex (LNU) for tardiness.

69.     Upon information and belief, Alex did not exercise FMLA rights during his employment.

70.     Thompson did not terminate Ebony Miller for tardiness.

71.     Upon information and belief, Miller did not exercise FMLA rights during her employment.

72.     As a result of Defendant's retaliatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, the Pregnancy Discrimination Act, or the FMLA.

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII, the Pregnancy Discrimination Act, and/or the FMLA.

C.      Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, liquidated damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
T: 205.252.1550 F: 205.502.4476

**PLEASE SERVE DEFENDANT(S) AT:**
ALABAMA REGIONAL MEDICAL SERVICES D/B/A BIRMINGHAM
HEALTHCARE
Jimmy Lacey
1600 20th Avenue South
Birmingham, Alabama, 35205

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Kira Fonteneau